[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The sole issue in this real estate tax appeal is the valuation of the plaintiff's warehouse and distribution property located at 61 Chapel Road, Manchester, Connecticut, on the revaluation date of October 1, 1990. The plaintiff's appeal covers the grand lists of October 1, 1995, 1996, and 1997. The assessor for the town valued the subject property on October 1, 1990, at $10,909,285. The plaintiff's appraiser, Patrick A. Lemp, valued the subject premises, as of October 1, 1990, at $8, 500,000. The town's appraiser, Francis J. Buckley, Jr., valued the subject premises as of October 1, 1990, at $10,760,000. Lemp used both the comparable sales and the income capitalization approaches to find value. Buckley, on the other hand, chose the cost approach and the sales comparison approach to find value.
The subject building was constructed in 1981 with an addition to the building made in 1993. The building consists of 307,476 square feet, which includes the 1993 addition and the mezzanine. The building is well designed for warehouse and distribution purposes with ceiling heights ranging between 26 to 31 feet clear. The building sits on 29.334 acres of land on the east side of Chapel Road and the north side of Tolland Turnpike. The site has excellent access to I-84 and I-291. Since sufficient vacancies existed in the market for warehouse distribution facilities, we find that purchasers would buy existing facilities, not build new facilities. We agree with Lemp that it would not make sense to build since the cost of construction would exceed what was available in the market. With a declining real estate market in 1990, it would not be prudent to build a new facility. The sales comparison approach therefore is the most credible approach to determine the value of the subject property as of October 1, 1990.
Before considering the sales comparison approach, we must consider the highest and best use of the subject property as of the time of valuation. The reason for selecting the highest and best use of the property is to find the use that will "most likely produce the highest market value, greatest financial return, or the most profit from the use of a particular piece of real estate." (Internal quotation marks omitted.) TheMetropolitan District v. Town of Burlington, 241 Conn. 382, 390, CT Page 1371696 A.2d 969 (1997). Using this test, we concur with both Lemp and Buckley that the highest and best use of the subject property is its continued use as a warehouse distribution facility.
We agree with both Lemp and Buckley that there were an ample supply of sales data of properties similar to the subject to use the sales comparison approach as a reliable indicator of value as of October 1, 1990. Lemp selected four comparable sales, one of which was the subject property, which sold for $5,900,000 on September 4, 1992. Lemp's other three sales were 590 Research Parkway in Meriden, 80 Darling Drive in Avon, and 21 Hyde Road, Farmington. 590 Research Parkway, built in 1987, was a newer facility than the subject. 590 Research Parkway was built as a warehouse and distribution facility of 221,000 square feet on a site containing 27.01 acres. This property was purchased by an investment group for lease to Caldor's, a general merchandise discount chain. Lemp adjusted this sale down by 25% because of the leased fee arrangement. However, Lemp's judgment in adjusting this sale down 25% was affected by Caldor's vacating the premises on October 1, 1990. We disagree with this substantial downgrade of the comparable. When Caldor signed the lease in 1986, this lease reflected the owner's expectation of income in 1990 as well as in 1986. 80 Darling Drive was a building constructed in 1976 with an addition made in 1981 containing a total of 159, 920 square feet. This building was located on 22 acres of land about 5 miles from 84. Lemp considered this sale to be superior to the subject. 21 Hyde Road had a gross square footage similar to subject but, as noted by Lemp, lacked convenient access to transportation which is crucial to a warehouse distribution facility. After adjustments, Lemp found a range of value based on these four comparables of $27.41 to $30.74 per square foot of gross building area.
Buckley, in his sales comparison approach, originally selected twelve sales. Buckley concentrated on four of these sales, numbers three, six, ten and eleven in his appraisal report. Of the four sales he ultimately considered, Buckley found a range of value of $32.74 to $38.00 per square foot of gross building area. The four sales considered by Buckley were as follow. Sale 3, located in Durham, New Hampshire, contained 306, 837 square feet of building area and was situated on 132.57 acres of land. Sale 3 was sold on June 27, 1990, for $15,700,000 or $51.17 per square foot of building area. Sale 6, located in East Hartford, was a much smaller parcel than the subject. Sale 6 contained 71,500 square feet of building area and sat on 2.63 CT Page 1372 acres of land. Sale 6 occurred on March 19, 1990, for $2,550,000, or $35.66 per square foot of building area. Sale 10 was property located in Meriden containing 324,730 square feet of building area on 26.77 acres of land. Sale 10 sold on June 3, 1988, for $10,700,000 or $32.95 per square foot of building area. Sale 11, located in Avon, was the same comparable selected by Lemp. Sale 11 was a 161,230 square foot building on 22 acres of land. Sale 11 sold on November 10, 1987, for $5,275,000, or $32.72 per square foot of building area.
Of the comparable sales used by Buckley, we consider sale 7 and sale 10 to be the most credible of his comparables. Sale 7 was a building containing 261,440 square feet of gross building area on 36.702 acres of land in Milford. Sale 7 was used as an industrial/warehouse building prior to its sale on October 27, 1989. It was sold for $7,750,000, or $29.64 per square foot, by Valacal Company to be renovated and used as a distribution center by United Parcel Service of America, Inc. As noted above, sale 10 was a warehouse/light industrial building containing 324,730 square feet of space. 12,800 square feet of this space was office space. Sale 10 had previously been leased to United Technologies but was vacant at time of sale. Sale 10 sold for $10,700,000 on June 3, 1988, or $32.95 per square foot.
Considering the merits of the four comparable sales selected by Lemp, and sales 7 and 10 selected by Buckley, we find that the value of the subject property on October 1, 1990, was $31.55 per square foot of gross building area multiplied by the square footage of 307,476, for a total of $9,699,971. Since our finding of value, as of October 1, 1990, is $1,209,314 lower than the assessor's valuation, the plaintiff's appeal is sustained. Judgment may enter setting the fair market value of the subject property for the grand lists of October 1, 1995, 1996, and 1997, at $9,699,971, without costs to either party.
Arnold W. Aronson Judge Trial Referee